UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES RICHARD FOERSTER, JR.,

    Plaintiff,

v.                                                  Case No. 8:19-cv-450-T-24CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before me on referral for consideration of the *Plaintiff's Consented to Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) [sic]*. (Doc. 19). For the reasons discussed below, I respectfully recommend that the Plaintiff's motion be granted.

I.

The Plaintiff initiated this action in February 2019, seeking judicial review of the Commissioner's decision denying his claim for Social Security Disability Benefits and Supplemental Security Income. (Doc. 1). On October 24, 2019, the Commissioner moved for entry of judgment in the Plaintiff's favor and requested that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 15). The Court granted that motion the next day (Docs. 16, 17), and the Clerk of Court thereafter entered Judgment for the Plaintiff on October 28, 2019 (Doc. 18).

The instant motion, filed on January 22, 2020, and unopposed by the Commissioner, followed. (Doc. 19).

II.

The Equal Access to Justice Act (EAJA or the Act) authorizes a court to grant attorney's fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist that make such an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). To warrant an award of attorney's fees and costs under the Act, three conditions must be met: (1) the party must file an application for fees within thirty days of the final judgment; (2) the party must qualify as the prevailing party; and (3) the government's position must not have been substantially justified and no other special circumstances must exist to make an award unjust. *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990)); 28 U.S.C. § 2412(d).

These conditions have been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, an award of fees and costs under the Act is proper.

To determine the amount of fees to be granted under the Act, the Court is guided by:

> [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the

cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Determination of the appropriate hourly rate involves a two-step process. First, the court must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). Second, if the prevailing market rate exceeds $125 per hour, the court must decide whether to adjust the hourly rate for inflation or some special factor. *Id.* at 1033-34.

The market rate during the relevant time period for the type of work at issue here is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee applications for work performed during and after 2017 typically have sought hourly rates ranging from $175 to more than $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. Accordingly, the Court finds it appropriate to deviate upward from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g., Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009); *Morrison v. Astrue*, 2010 WL 547775, *2 (S.D. Fla. Feb. 12, 2010); *see also*

*Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting cases in various circuits using the CPI to determine hourly rate adjustments). The Court finds it reasonable here to use the CPI as a guide for determining cost of living increases under the Act. *See* U.S. Dept. of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost.

The Plaintiff seeks $8,036 in fees based on a total of 39.2 hours expended on this case in 2019 by his counsel, Carol Avard and Mark Zakhvatayev. (Doc. 19 at 3). In support of this fee request, the Plaintiff submits an affidavit executed by attorney Avard, which includes an itemization of the services rendered during this time period (Doc. 19 at 6-22), as well as a copy of the Avard Law Office's fee contract with the Plaintiff (Doc. 19-1). The sought-after fees are predicated on an hourly rate of $205. (Doc. 19 at 3).

Upon due consideration of the matter, I find that the total number of hours expended by Plaintiff's counsel is reasonable and that the requested hourly rate—although at the high end—is within the range permitted by the Act under the circumstances present here. I also note that neither of these figures is contested by the government. As a result, I respectfully submit that the Plaintiff is entitled to $8,036 in attorneys' fees based on a total of 39.2 hours devoted to this case.

### III.

In light of the above, I recommend:

1. *Plaintiff's Consented to Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) [sic]* (Doc. 19) be granted.

2. The Plaintiff be awarded attorneys' fees in the amount of $8,036.

3. The Commissioner's remittance of this amount be made payable to the Plaintiff in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010). I further recommend that, if the government concludes the Plaintiff does not owe any debt to the government, the Commissioner be advised that he may honor an assignment of fees to the Plaintiff's attorneys.

Respectfully submitted this 27th day of January 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Susan C. Bucklew, United States District Judge
Counsel of record